**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

NOEL REZENE,

Petitioner,

v. ACTION NO. 2:14cv514

ROBERT F. HORNAN,
Commonwealth Attorney, Fairfax County, Virginia,

Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

While a federal inmate in South Carolina, Petitioner alleged that the Commonwealth's Attorney for Fairfax County lodged a detainer with the Federal Bureau of Prisons that was in violation of the Interstate Agreement on Detainer's Act. Petitioner, however, has already been released from custody. Because he has been released and the charges against him have been dismissed, there is no injury that this Court can redress, and Petitioner lacks standing—the undersigned recommends dismissing the petition as moot.

## I. STATEMENT OF THE CASE

On May 29, 2012, while Petitioner was an inmate at Rivers Correctional Institution in North Carolina, a detainer was lodged against him in the Fairfax County Sheriff's Department. Detainer Action Letter, Pet. Ex. 2. Accordingly, Petitioner received a notice on May 31, 2012

that criminal charges were pending against him in Fairfax County, Virginia. Notice of Untried Indictment, Pet. Ex. 1. Following the appropriate provisions of the IAD, Petitioner requested that the untried charges be brought to trial. Pet. Ex. 3. On June 1, 2012, the warden of Rivers Correctional Institution notified Respondent, who was the Commonwealth's Attorney for Fairfax County, that Petitioner sought disposition of the pending criminal charges. Letter from Jonathan Miner to Robert Horan (June 1, 2012), Pet. Ex. 4. It is uncontested that Petitioner was not brought to Virginia to stand trial on the pending charges within the appropriate timeframe under the IAD. Letter from John White to Robert Horan (December 4, 2012), Pet. Ex. 10 & 12.

On September 18, 2014, Petitioner filed the instant petition[1] pursuant to 28 U.S.C. §2241. Petitioner requested that this Court "recall the detainer lodged with the Federal Bureau of Prisons, and dismiss with prejudice all charges currently pending in Fairfax County, Virginia based on the failure to prosecute charges within the 180 day limitation pursuant and set forth under the Interstate Agreement on Detainer's Act." Pet. at 1.

Petitioner, however, was released from federal custody on or about November 3, 2014, so the undersigned ordered Respondent's Answer to "advise whether the issues raised in this petition are moot." ECF No. 7 at 1.

Petitioner then appeared in the General District Court for Fairfax County, Virginia on January 12, 2015. There, the failure to appear charge against him was dismissed, and the felony for drug distribution charge was dismissed by nolle prosequi. ECF No 13, Exs. 1 & 2. Respondent reports that as of January 23, 2015, Petitioner was not in custody of any state or local correctional institution within the Commonwealth of Virginia. Jennifer Hastings Aff., ECF No. 11, Exhibit 1.

[1] At the time he filed this petition, Petitioner had apparently been moved from North Carolina to a federal correctional institution in South Carolina.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

This Court lacks jurisdiction over this petition because there is no longer a live case or controversy. *See* U.S. Const. art. III, § 2. "Article III of the Constitution grants this Court authority to adjudicate legal disputes only in the context of 'Cases' or 'Controversies.'" *Camreta v. Greene*, 131 S. Ct. 2020, 2028 (2011); *see Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013) ("Article III of the Constitution grants the Judicial Branch authority to adjudicate 'Cases' and 'Controversies.' In our system of government, courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy.") (citations omitted).

If a litigant does not have a present interest in the outcome, caused by the defendant, and rectifiable by the court, there is no live case or controversy and that party lacks standing:

> [T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III. Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'"
>
> Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court."
>
> Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted). This live case, or redressable dispute, must persist throughout all stages of the litigation in order for a federal court to maintain jurisdiction. *See Alvarez v. Smith*, 558 U.S. 87, 92 (2009) ("An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975))).

If at any point a litigant fails to meet any of the three criteria for standing, then there is no

case or controversy, and the issue becomes moot. *See Already, LLC v. Nike, Inc.*, 133 S. Ct. at 726 ("A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'"); *Townes v. Jarvis*, 577 F.3d 543, 546-47 (4th Cir. 2009) ("Thus, for a controversy to be moot, it must lack at least one of the three required elements of Article III standing: (1) injury in fact, (2) causation, or (3) redressability.").

Accordingly, a prisoner who challenges his detention does not have standing once he has been released—he has no injury that can be redressed by the court. It is worth noting that courts *do* allow challenges to the validity of a *conviction*, because there are continued collateral consequences of a conviction.

> In criminal cases, [the standing] requirement means that a defendant wishing to continue his appeals after the expiration of his sentence must suffer some "continuing injury" or "collateral consequence" sufficient to satisfy Article III. When the defendant challenges his underlying *conviction*, this Court's cases have long presumed the existence of collateral consequences. But when a defendant challenges only an expired *sentence*, no such presumption applies, and the defendant must bear the burden of identifying some ongoing "collateral consequenc[e]" that is "traceable" to the challenged portion of the sentence and "likely to be redressed by a favorable judicial decision."

*United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011) (emphasis in original) (citations omitted). Released petitioners challenging their sentence or incarceration, however, do not appear to be suffering any continued harm. As Respondent emphasizes, the Court in *Spencer v. Kemna*, 523 U.S. 1 (1998) analyzed the issue of mootness for challenging a parole revocation. Because Petitioner had been released by the time of the petition, the Court said his incarceration was "now over, and cannot be undone." *Spencer*, 523 U.S. at 8. The Court would not presume that there were collateral consequences caused by the revocation, and petitioner could not prove any, so there was no continued injury that the Court could redress. *Id.* at 18 ("[M]ootness,

however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.").

In the instant case, the petition challenged the detainer lodged against Petitioner in Fairfax County. The charges from Fairfax were dismissed and he is no longer in custody. There is no conviction that he is challenging, and his incarceration is over and cannot be undone. There is, therefore, no injury caused by respondent that can be redressed by this Court. The issue is moot, and this Court lacks jurisdiction to address the merits of the petition.

## III. RECOMMENDATION

Because Petitioner has not demonstrated that there is an injury in fact, caused by Respondent, redressable by the Court, he has no standing. There is no live case or controversy in this instance, and so this Court lacks jurisdiction to make an adjudication on the merits. The undersigned RECOMMENDS that the Court deny and dismiss the petition for writ of habeas corpus for lack of standing.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or

specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

___________________/s/_____________________
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
May 15, 2015